CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 14 2012
JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| DONNA L. WILLS, | ) |
| Plaintiff, | ) Civil Action No. 6:11CV00025 |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g).

This case was originally assigned to Senior United States District Judge Norman K. Moon. On November 8, 2011, Judge Moon referred the case to a United States Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued a Report and Recommendation on July 25, 2012. The Commissioner filed objections to the magistrate judge's Report and Recommendation. On August 20, 2012, Judge Moon transferred the case to the undersigned United States District Judge. The parties presented oral argument on September 5, 2012. Thus, the case is now ripe for disposition.

This court's review of the Commissioner's final decision is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640

(4th Cir. 1966). Stated briefly, substantial evidence has been characterized as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Donna L. Wills, was born on June 4, 1965, and eventually completed the eleventh grade in school. Subsequently, Mrs. Wills earned a GED. Plaintiff has worked as a medical receptionist and as a clerk/manager in a retail pharmacy store. She last worked on a regular and sustained basis in 2006. One June 19, 2006, Mrs. Wills filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on May 30, 2006 due to psoriatic arthritis, severe pain, and swelling in her ankles. Mrs. Wills now maintains that she has remained disabled to the present time. The record reveals that Mrs. Wills met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Wills' claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 10, 2008, the Law Judge also determined that Mrs. Wills is not disabled. The Law Judge found that plaintiff suffers from psoriasis with psoriatic arthritis and nail disease, connective tissue disease, hypercoagulable state controlled on Humira biological agent therapy, a vitamin D deficiency, questionable fibromyalgia, recalcitrant left plantar fascitis, asthma, and obesity. Despite these physical problems, the Law Judge ruled that Mrs. Wills retains sufficient functional capacity to perform her past relevant work as a receptionist. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to a period of disability

or disability insurance benefits. See 20 C.F.R. §§ 404.1520(f). Mrs. Wills then sought review by the Social Security Administration's Appeals Council.

In an order dated September 2, 2009, the Appeals Council remanded the case to the Administrative Law Judge for further consideration. The Appeals Council identified several issues that were unresolved. Specifically, the Appeals Council questioned whether the Administrative Law Judge had adequately considered the findings of total disability produced by plaintiff's treating physician, Dr. Michael D. Will. The Appeals Council also noted that the evidence suggests that plaintiff's arthritic impairment had resulted in manipulative limitations that were not included in the Law Judge's assessment of plaintiff's residual functional capacity. (TR 145).

Upon remand, the case was assigned to the same Administrative Law Judge for further development and consideration. The Law Judge conducted a supplemental administrative hearing on June 21, 2010. At that hearing, Dr. H. C. Alexander, III, a board certified rheumatologist and internist, testified as a medical advisor. Dr. Barry Hensley testified at the hearing as a vocational expert. Following the hearing, on September 2, 2010, the Law Judge rendered a second opinion. On this occasion, the Law Judge found that Mrs. Wills suffers from severe impairments on the bases of psoriasis, psoriatic arthritis, osteoarthritis of the knees, mild degenerative disc disease, fibromyalgia, obesity, connective tissue disease, and Addison's disease. The Law Judge relied on the testimony of Dr. Alexander, given at the supplemental administrative hearing, in concluding that Mrs. Wills does not suffer from an impairment, or combination of impairments, that meets or equals a listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404.[1] Relying

---

[1] If a claimant suffers from an impairment which meets or equals a listed impairment, the claimant is deemed to be disabled for all forms of work without consideration of factors such as age, education, or prior work experience. See 20 C.F.R. § 404.1520(d).

3

again in substantial measure on Dr. Alexander's testimony, the Law Judge assessed Mrs. Wills' residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light work. Specifically, the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, can stand for 20 minutes at a time for a total of 3 hours in an 8-hour day, can walk for 15 minutes at a time for a total of 2 hours in an 8-hour day, can sit for an unlimited number of hours and can perform occasional balancing, stooping, crouching, bending, and climbing of stairs/ramps. However, she cannot perform any crawling, kneeling and climbing of ladders/ropes/scaffolds [footnote omitted] and must avoid exposure to workplace hazards, such as moving machine parts and unprotected heights.

(TR 18). Given such a residual functional capacity, and based on the testimony of the vocational expert, the Law Judge determined that all of plaintiff's past work roles required performance of a more substantial range of light activity and/or medium exertion. Thus, the Law Judge ruled that Mrs. Wills is disabled for all of her past relevant work activities, because she is no longer able to perform a full range of light work. However, given her residual functional capacity as outlined above, and after considering plaintiff's age, education, and past work activity, as well as Dr. Hensley's vocational testimony, the Law Judge ruled that Mrs. Wills retains sufficient functional capacity to perform sedentary jobs as a receptionist, information/records clerk, and office clerk. Accordingly, the Law Judge again concluded that Mrs. Wills is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). On this occasion, the Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Wills then appealed to this court.

4

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

Upon receiving the referral of the case from the presiding district judge, the magistrate judge undertook a thorough review of all the evidence of record. The magistrate judge ultimately concluded that Dr. Alexander's testimony at the administrative hearing constitutes substantial evidence in support of the Commissioner's determination that plaintiff's physical impairments do not meet or equal a listed impairment under Appendix I. Based on the medical record adduced at the time of the Law Judge's second opinion, it is beyond question that Mrs. Wills does not suffer from an impairment, or combination of impairments, which meets or equals one of the listings under Appendix I. The court accepts the magistrate judge's recommended finding to this effect.

The magistrate judge determined, however, that the Law Judge erred in relying on Dr. Alexander's medical opinion to support the finding that plaintiff retains sufficient functional capacity to perform several specific light/sedentary work roles which exist in significant number in the national economy. The magistrate judge held that the Law Judge failed to accord proper weight to the medical reports of one of plaintiff's treating physicians, Dr. Michael D. Will.

5

Dr. Will is an internist, who has treated Mrs. Wills since 2005. (TR 648). Mrs. Wills previously worked in Dr. Will's office. (TR 493). Dr. Will clearly qualifies as one of plaintiff's treating physicians. He has treated Mrs. Wills for a variety of problems, and with diagnoses of inflammatory arthritis, psoriatic arthritis, connective tissue disease, vitamin D deficiency, fibromyalgia, and persistent left plantar fascitis. On August 1, 2007, Dr. Will reported that "Mrs. Wills has had a great deal of difficulty with ambulation and is requiring the use of a wheel chair when she has to go out of the house or to move any significant distance." (TR 648). Dr. Will has opined on several occasions that Mrs. Wills is totally and permanently disabled. For example, on June 10, 2010, Dr. Will commented as follows:

> Mrs. Wills continues with severe and chronic joint pain involving multiple joints as delineated in that letter. She is very limited in her activities and remains unable to work because of this. I certainly believe that it is appropriate that she receive full and permanent disability. I have previously described her physical limitations and have examined her today and she has continued significant problems with decreased grip strength and has some tenderness over her wrists and some psoriatic changes about her fingers and nails. She has continued limitation of range of motion about her shoulders bilaterally and significant tenderness of her ankles and knees bilaterally. In summation, I believe that she is completely unable to work and I would support her in her attempts of obtaining full and permanent disability.

(TR 647).

As suggested above, the Law Judge rejected Dr. Will's findings and opinions. The Law Judge found that Dr. Will's conclusions are not consistent with those of other medical sources, including several other treating physicians. The Law Judge determined to give greater weight to Dr. Alexander's assessment.

Dr. Alexander reviewed all of the medical evidence which had been completed as of the time of the supplemental administrative hearing. He noted that Mrs. Wills experiences definite musculoskeletal problems, including psoriatic arthritis, bilateral carpal tunnel

6

releases, osteoporosis, plantar fascitis in the left heel, Achilles tendonitis, osteoarthritis of the knees, and mild degenerative disc disease though without evidence of nerve root compression. (TR 60-65). Based on her variety of musculoskeletal problems, Dr. Alexander opined that plaintiff is unable to stand or walk on a sustained basis, though he explicitly testified that she is not limited in her capacity for sitting and reaching. (TR 66-67).

After conducting its own review of the record, the court is constrained to conclude that there is substantial evidence to support the Law Judge's decision not to give controlling weight to the findings, conclusions, and opinions of Dr. Will. In the court's view, the medical record supports the Law Judge's observation that Dr. Will's assessments are not consistent with the clinical findings of other physicians who have regularly treated Mrs. Will. For example, Dr. Eric R. Kenny, a rheumatologist, has also treated plaintiff since 2005. Without question, Dr. Kenny's reports document less significant physical findings than do those of Dr. Will. For example, on May 10, 2006, Dr. Kenny related as follows:

> Rheumatologic review of systems is negative for alopecia, photo sensitivity, Raynaud, dry eyes, dry mouth, pleurisy, pericarditis, fever, unintentional weight loss, anemia. low white count, low platelet count, neurological disorder, clotting disorder, hematuria, or proteinuria. Patient reports occasional oral ulcers, which have not increased since starting methotrexate. She has documented psoriatic nail disease without skin lesions or other rash. She has otherwise negative rheumatologic review of systems.
>
> Medical history is as per electronic medical record dated May 10, 2006, reviewed, without interval change of note except as noted in history of present illness.
>
> **OBJECTIVE** Examination reveals well-appearing female in no acute distress. She is pleasant and cooperative, alert and oriented. Musculoskeletal examination reveals no clear cut synovitis. She does have severe nail dystrophy of multiple fingernails, unchanged from previously. Examination of the hands reveals metacarpal squeeze tenderness bilaterally. There is tenderness with palpation of both wrists. Patient is status post right carpal tunnel release. Tinel sign is positive on the left side. Grip

7

strength and fist formation are mildly reduced bilaterally. There is pain with full extension of the right elbow, and tenderness of the right lateral epicondyle is present without swelling. There is pain at extremes range of motion of both shoulders without swelling. There is tenderness over the anterior glenohumeral joints bilaterally. Examination of the knees is notable for pain with full flexion bilaterally, and tenderness over the medial joint line bilaterally, but no definite swelling, effusion, warmth, or erythema. Examination of the ankles reveals swelling involving posterior lateral aspects bilaterally, with corresponding regional tenderness. There is also tenderness over the plantar aspect of the left heel and tenderness with heel squeeze on the left side. There is pain with dorsiflexion and plantar flexion of both ankles. There is metatarsal squeeze tenderness bilaterally. There is trace pitting pretibial and ankle edema. Examination of the skin reveals no rash. Otherwise no new findings on musculoskeletal examination.

(TR 381).

Dr. Kenny again saw Mrs. Wills on March 22, 2010. On this occasion, plaintiff listed her symptoms as follows:

> The patient reports continued problems with widespread musculoskeletal pain, currently complains primarily of pain involving the neck, shoulders, left knee, and left ankle. Her most severely affected joint currently is the left knee. She reports pain with weight bearing activity, particularly going up and down stairs. Symptoms were partially relieved with rest. She has lack of confidence in the joint, but no definite giving way or other instability symptoms. She is not sure if there has been any swelling. She has noted swelling involving the left ankle. She has morning stiffness of prolonged duration. She reports she has continued her antirheumatic therapy unchanged, but she has not had any monitoring laboratory tests that have been made available to me since October 2009.

(TR. 626). Dr. Kenny summarized his physical findings as follows:

> Examination reveals a well-appearing female in no acute distress. Patient is alert and oriented x 3. Musculoskeletal examination reveals bony enlargement and tenderness involving 2nd and 3rd DIP joints of both hands. There is reduced grip strength and fist formation bilaterally, There is metacarpal compression tenderness bilaterally. There is tenderness over the CMC joints in both hands. There is a mildly tender, freely mobile nodularity in the left upper lumbar region. There is pain in lateral and posterior region of both hips with hip manipulation bilaterally. There is crepitus in both knees and pain with terminal flexion of both knees, but no swelling. There is tenderness over mediolateral joint line of the left knee. There is tenderness along the Achilles tendon in the region of the Achilles tendon insertion, and also plantar aspect of both

8

> heels. The patient is tender in a distribution typical for fibromyalgia. Otherwise bilateral upper extremity and bilateral lower extremity musculoskeletal exam normal to inspection, range of motion. strength, and stability. There is severe nail distrophy of multiple fingernails, which is unchanged from previously, no psoriasis involving the skin.

(TR 626).

In September of 2009, Dr. Kenny arranged for Mrs. Wills to see Dr. Joyce L. Huerta, an orthopaedic specialist. Dr. Huerta noted that Mrs. Wills was complaining of longstanding lower back pain though with recent radiation into the left lower extremity. (TR 564). She also complained of pain and numbness in her left knee and ankle. Dr. Huerta noted that plaintiff's symptoms were not affected by activity. According to Dr. Huerta, Mrs. Wills had not engaged in physical therapy. He reported that her symptoms were relieved by pain medication, including Lortab. Dr. Huerta listed physical findings as follows:

> She is calm, alert, and cooperative, in no acute distress. She is oriented x4. Well developed, well nourished. She has a normal affect. Normal gait pattern. There is no icterus of her sclerae. Dentition is in good repair. She has normal unlabored breathing. Strength is 5/5 in bilateral lower extremities for hip flexion, knee extension, ankle dorsiflexion, ankle plantarflexion extensor hallucis longus. Muscle stretch reflexes 2+ in bilateral patellae and ankles. Toes, are downgoing bilaterally. There is no ankle clonus bilaterally. There are no abnormal skin lesions, varicosities or pitting edema of the lower extremities. She is overweight and well kempt. Straight leg raising is negative bilaterally. FABER maneuver is negative bilaterally. However, internal and external rotation of the hip on the left causes buttock pain. She is quite tender to palpation over the sacroiliac joint on the left more so than the facet joints. Nontender over the paraspinals. She had functional range of motion for flexion and extension without significant pain. Extension did cause some pain though.

(TR 564). Dr. Huerta performed an epidural steroid injection in the lumbar spine on September 11, 2009. He performed a second epidural steroid injection in October of 2009.

Mrs. Wills was seen by Dr. Jesse L. Stern, another orthopaedic specialist, on September 24, 2010. On that occasion, plaintiff complained of progressive pain in her left arm. An MRI revealed

a herniation in plaintiff's cervical spine with some nerve root impingement.[2] As for plaintiff's ambulatory capacity, Dr. Stern noted that Mrs. Wills "gets around the examining room without difficulty" and that she has "a fluid gait pattern." (TR 651).

Given the medical reports from other physicians, the court believes that there is substantial evidence to support the Law Judge's finding that plaintiff simply does not experience the physical restrictions reported by Dr. Will. Clearly, if plaintiff "had a great deal of difficulty with ambulation and is requiring the use of a wheelchair when she has to go out of the house or to move any significant distance" as reported by Dr. Will on August 1, 2007, such a circumstance would have been confirmed by Dr. Kenny, Dr. Huerta, or Dr. Stern either in the way of medical history or in terms of a clinical examination. Instead, each of these specialists reported that Mrs. Wills looked well, and that she was able to get around with little difficulty. In the court's view, these reports support the Law Judge's finding that plaintiff retains sufficient functional capacity for sedentary levels of activity.

In passing, the court must note that Dr. Kenny also qualifies as a treating physician in this case. While he has not seen Mrs. Wills as often as Dr. Will, he has evaluated and treated plaintiff with some measure of regularity. Furthermore, in terms of plaintiff's arthritic impairment, the Commissioner might reasonably accord greater weight to the findings of Dr. Kenny than to those of Dr. Will. Under 20 C.F.R. § 404.1527(c)(5), it is provided that more weight may be given to the opinion of a specialist about medical issues related to the area of specialty than to the opinion of a source who is not a specialist. Stated differently, as a rheumatologist, Dr. Kenny is best placed to comment on the extent of limitation caused by plaintiff's arthritic impairment.

---

[2] It should be noted that Dr. Stern's testing and examination took place after the administrative hearing at which Dr. Alexander testified.

10

For the reasons stated, the court believes that the Administrative Law Judge reasonably accorded greater weight to the assessment provided by Dr. Alexander as to plaintiff's level of residual functional capacity. Other than for Dr. Will, all of the physicians in this case produced reports which are not inconsistent with the notion that plaintiff may now perform sedentary work activities on a sustained basis. For that matter, no other physician has suggested that Mrs. Wills is totally disabled. However, the court does not believe that the medical record supports the Law Judge's finding that plaintiff is capable of performing a full range of sedentary work.

In testifying at the administrative hearing, Dr. Alexander stated that plaintiff "has no limitation for gripping and feeling, and no limitation for reaching." (TR 67). In the hypothetical put to the vocational expert, the Administrative Law Judge included no manipulative limitations. (TR 79). Unlike Dr. Alexander's finding as to plaintiff's capacity for prolonged sedentary activity, the finding of no manipulative limitations simply is not supported by the medical evidence of record. Throughout his treatment of Mrs. Wills, Dr. Kenny noted progressively worsening arthritic symptoms in plaintiff's hands. For example, on November 30, 2009, Dr. Kenny listed physical findings as follows:

> Musculoskeletal examination reveals bony enlargement and tenderness involving the second and third DIP joints of both hands. There is reduced grip strength and fist formation bilaterally. There is metacarpal compression tenderness bilaterally. There is tenderness over the CMC joins in both hands.

(TR 631). On March 22, 2010, Dr. Kenny reported "reduced grip strength and fist formation bilaterally." (TR 626). At the time of the administrative hearing, Mrs. Wills testified that she doesn't "have very much strength at all in my hands," (TR 45) and that she is unable to pick up objects off the table. (TR 51). She testified that she does not have the strength to take a top off a jar. (TR 51).

11

In short, the court concludes that the record does not support the finding implicit in the Law Judge's hypothetical question to the vocational expert that Mrs. Wills experiences no manipulative limitations. Indeed, all of the doctors who have commented on plaintiff's manipulative capacity have suggested that she is limited in terms of basic activities with her hands. Without question, such a limitation would prevent performance of many, if not all, of the sedentary work roles for which Mrs. Wills is otherwise physically capable.

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

Inasmuch as the Law Judge's hypothetical question to the vocational expert in this case did not include all of the significant physical limitations documented by the medical record, the court concludes that the Law Judge's reliance on the vocational expert's testimony in finding residual functional capacity for specific, sedentary work roles, is not supported by substantial evidence. Given such circumstances, the court believes that there is "good cause" for remand of this case to the Commissioner so that proper and comprehensive hypothetical questions can be put to a qualified vocational expert.[3] It can then be determined whether Mrs. Wills can perform specific sedentary work roles for which she is otherwise physically capable. See gen., 20 C.F.R. § 404.1520(g).

---

[3] In passing, the court notes that the Appeals Council's remand of this case to the Administrative Law Judge obviously contemplated a finding that plaintiff's manipulative capacity was reduced to some extent. The court believes that the Law Judge clearly erred in not including any manipulative limitations in the hypothetical question posed to the vocational expert.

12

In summary, the court believes that the magistrate judge properly determined that there is substantial evidence to support the Commissioner's finding that plaintiff does not suffer from an impairment listed under Appendix I to Subpart P of the Administrative Regulations Part 404. However, the court concludes that there is substantial evidence to support the Commissioner's determination that the findings of the treating physician, Dr. Michael D. Will, are not "controlling." The court concludes that substantial evidence does not support the Law Judge's determination that plaintiff retains sufficient functional capacity to perform a limited range of light exertion, a full range of sedentary exertion, or all of the exertional activities contemplated within the hypothetical question posed to the vocational expert. The court concludes that Mrs. Wills has met the burden of proof in establishing that she is disabled for anything more than sedentary exertion and that her capacity for sedentary work is limited due to manipulative restrictions in the use of her hands. The court finds "good cause" for remand of this case to the Commissioner for further development and consideration, including the submission of an appropriate hypothetical question to a qualified vocational expert.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration. Upon remand, if the Commissioner is unable to resolve the remaining issues in this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument.[4] An appropriate order of remand will be entered this day.

---

[4] In its order of remand, the Appeals Council suggested that a consultative examination might be appropriate in this case. (TR 146). Given all the circumstances, and if necessary, the court believes that such a course is well advised.

13

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 14th day of September, 2012.

                                                 /s/ Glen Conrad
                                              Chief United States District Judge